**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Rodney Romerro Scott,  ) | C/A No. 8:13-cv-00364-CMC-JDA |
|                Plaintiff,  ) | |
| v.  ) | **OPINION & ORDER** |
| Carolyn W. Colvin,[1]  ) | |
| Acting Commissioner of Social Security,  ) | |
|                Defendant.  ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

On July 9, 2013, the Commissioner of Social Security ("Commissioner") filed a motion to remand this matter, to which Plaintiff had no objection. Dkt. No. 11. The Report, filed on July 10, 2013, recommends that the decision of the Commissioner be remanded for further administrative action to reassess Plaintiff's mental impairment and consider Listing 12.05C, reassess Plaintiff's residual functional capacity, reassess Plaintiff's credibility, and, if necessary, obtain medical and

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

vocational expert testimony.  Dkt. No. 12 at 1.  No objections to the Report have been filed and the time for doing so has passed.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  Finding none, the court adopts and incorporates the Report by reference.  For the reasons set forth therein, the decision of the Commissioner is remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative action consistent with the Report.

**IT IS SO ORDERED.**

                                            S/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 19, 2013